[Crim. No. 845.   Second Appellate District, Division One.—February 16, 1922.]

## THE PEOPLE, Respondent, v. JUAN JURADO, Appellant.

[1] CRIMINAL LAW—MURDER—VERDICT OF MANSLAUGHTER—EVIDENCE —APPEAL.—In this prosecution for murder, in which the defendant was found guilty of manslaughter, the evidence was legally sufficient to justify the verdict. It is not for the appellate court to weigh conflicting evidence upon issues of fact.

[2] ID.—DEGREE OF CRIME — INSTRUCTIONS — WANT OF PREJUDICE.— The defendant having been found guilty of manslaughter only, he was not injured by the fact that the court instructed the jury that under certain circumstances the crime would be murder in the first degree.

[3] ID. — DRUNKENNESS AS A DEFENSE — EVIDENCE — INSTRUCTION PROPER.—There having been some evidence that the defendant had been drinking wine at the house of the deceased on the night when the killing took place, an instruction relating to drunkenness of an

accused person at the time of the alleged commission of the offense was proper.

[4] Id.—Attack by Deceased upon Defendant—Self-defense—Evidence — Instructions. — The defendant having testified that he did not use a knife during the attack which he claimed the deceased made upon him early on the night in question, that he defended himself with his hands only and that he left the house at a time when the deceased had not yet been injured, while other evidence showed that some hours later in the same night the deceased was found with knife wounds in his body, as a result of which he died, the court did not commit prejudicial error in giving an instruction concerning self-defense as a justification for the killing of an adversary.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. M. Dalton for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and John W. Maltman for Respondent.

CONREY, P. J.—The defendant was charged with the crime of murder and found guilty of manslaughter. He appeals from the judgment and from an order denying his motion for a new trial.

[1] The brief for appellant reviews at length the evidence presented at the trial; it being contended that the evidence is insufficient to justify the verdict. But the evidence is legally sufficient to justify the verdict. Among other things, one who claimed to be an eye-witness to the attack which resulted in the death of Jose Monges stated facts which, if true, would have warranted a verdict of murder in the first degree. Apart from this testimony, there is evidence of other circumstances which might have discredited the witness last mentioned and yet would have been sufficient to support the verdict of manslaughter. It is not for this court to weigh conflicting evidence upon issues of fact.

The remaining points relate to claimed errors in the instructions given to the jury. In no instance is it asserted that a proposition of law is erroneously stated in any of

these instructions. We are told that certain instructions are "erroneous, misleading, and prejudicial" in that there was no testimony in the case which called for or justified them; that other instructions were misleading and prejudicial in that they were given more than once, and that the repetition of practically the same instruction tended to the prejudice of the defendant. This is the substance of the argument. It seems unnecessary to enter into an extensive review of the facts in order to show that there was evidence which made it appropriate for the court to instruct the jury on the matters covered by the instructions toward which these objections of appellant are directed. [2] The fact that the court instructed the jury that under certain circumstances the crime would be murder in the first degree did not injure the defendant since in fact he was convicted of manslaughter only. [3] The instruction relating to drunkenness of an accused person at the time of alleged commission of the offense was properly given, since there was some evidence that the defendant was drinking wine at the house of the deceased on the night when the killing took place. [4] Neither do we see any prejudicial error in the instruction given concerning self-defense as a justification for the killing of an adversary. According to his own testimony, appellant did not use a knife during the attack which he says deceased made upon him early on the night in question. He says that he defended himself with his hands only. He claims to have left the house at a time when Monges had not yet been injured. Some hours later in the same night Monges was found with knife wounds in his body, as a result of which he died.

We are satisfied that the law of the case was fairly presented to the jury, without prejudice to any substantial right of the defendant.

The judgment and order are affirmed.

Shaw, J., and James, J., concurred.